JOHN J. ZIDZIUNAS, ESQ, ID: 036522005
JOHN J. ZIDZIUNAS & ASSOCIATES, LLC
33 Plymouth Street, Suite 202A
Montclair, New Jersey 07042
973-509-8500
Attorneys for Plaintiff: Whadoo Caldwell

| | |
|---|---|
| ESTATE OF WHADOO CALDWELL<br><br>PLAINTIFF,<br><br>V.<br><br>NORTHERN STATE PRISON, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, RUTGERS BIOMEDICAL AND HEALTH SERVICES, JOHN DOES 1-10, AND XYZ CORPS. 1-10<br><br>DEFENDANTS. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

## CIVIL ACTION – COMPLAINT

Plaintiff, Estate of Whadoo Caldwell (hereinafter "Plaintiff"), by and through his estate administered by his parents, John L. Smith, Jr. and Johnniemae Bell-Smith, and their attorneys, John J. Zidziunas & Associates, LLC, hereby brings this Complaint against Defendants Northern State Prison, New Jersey Department of Corrections, Rutgers Biomedical and Health Services, John Does 1-10 and XYZ Corps 1-10, and avers as follows:

### I. INTRODUCTION

1. Plaintiff brings this action to redress the wrongful death inflicted on him by Northern State Prison, New Jersey Department of Corrections, John Does 1-10 and XYZ Corps 1-10, as well as all unknown Defendants who permitted the Defendants to cause Plaintiff to overdose and die of medicines given to him while in custody of

Defendants, in violation of Plaintiff's civil rights. Plaintiff seeks declaratory, injunctive, monetary and other appropriate relief to redress the rights secured to him by the laws of the United States of America and the State of New Jersey.

## II. JURISDICTION

2. This survival action is brought pursuant to 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

3. Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4. The amount in controversy exclusive of interest and costs exceeds the sum of one hundred thousand ($100,000.00) Dollars.

## III. VENUE

5. All claims herein arose within the jurisdiction of the United States District Court for the District of New Jersey and involve Defendants who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

## IV. PARTIES

6. Plaintiff, Estate of Whadoo Caldwell, administered by his parents John L. Smith, Jr. Johnniemae Bell-Smith, are individual citizens of Essex County, New Jersey, residing therein at 82 North 6th Street, Newark, New Jersey 07107.

7. Defendant, Northern State Prison, is located Essex County of the State of New Jersey and owns, operates, manages, directs and controls the Medical Unit of Northern State Prison, which employs the other named/unnamed Defendants. Northern State Prison is located at 168 Frontage Road, Newark, NJ 07114.

8. Defendant, State of New Jersey Department of Corrections, operates Northern State Prison, and is located at Whittlesey Road, PO Box 863, Trenton, NJ 08625.

9. Defendant, Rutgers Biomedical and Health Services ("Rutgers"), who services the Medical Unit of Northern State Prison that led to Plaintiff's wrongful death, is located at Administrative Complex, Room 1403, 30 Bergen Street, Newark, NJ 07107.

10. During the relevant time period, JOHN DOES 1-10 are currently unknown employees/agents/workers/contractors employed by Defendants, or were either senior management level employees who controlled Defendants' workplace, who aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace site during working hours, or, to the extent they went beyond the scope of their employment, Defendants ratified, embraced and added to JOHN DOES' conduct. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual employees by name.

11. During the relevant time period, XYZ Corps. 1-10 are unknown affiliated corporations or entities or other corporations of the named Defendants who have

liability for the claims set forth herein. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual entities by name.

12. Thus, all Defendants are subject to suit under the statutes alleged above.

13. At all times referred to in this Complaint, employees of the corporate defendants, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, the corporate defendants ratified, embraced and added to their conduct

## V.   FACTS

14. Plaintiff, Estate of Whadoo Caldwell ("Plaintiff Caldwell"), is administered by his parents, John L. Smith, Jr. and Johnniemae Bell-Smith.

15. Plaintiff was a black male born on May 15, 1983, and a resident of Newark, New Jersey most of his life.

16. Plaintiff had a high school diploma and held various jobs during his life prior to incarceration.

17. Plaintiff was sentenced to Northern State Prison for various charges and was scheduled for release in December 2014.

18. Upon information and belief, at the time of Plaintiff's incarceration and death, Plaintiff took various medications for hypertension, cholesterol, seizure and nerve disorders, bi-polar disorder, *inter alia*.

4

19. For a considerable time period of Plaintiff's confinement, Defendants required Plaintiff to remain in solitary confinement, not being able to breath fresh air, see natural light, or interact with others, causing him severe mental anguish.

20. On July 21, 2014, in the care, custody and supervision of Defendants inside at Northern State Prison, Plaintiff underwent a severe seizure and cardiac arrest.

21. Upon information and belief, Plaintiff overdosed from taking Cardizem, which is designed to treat hypertension/high blood pressure disorders and was directly given to Plaintiff and prescribed by Defendants.

22. Defendants breached their duty to Plaintiff by their failure to exercise the knowledge, skill, ability and devotion ordinarily possessed and employed by members of the medical profession at a prison similarly situated in connection with the discharge of their responsibilities to Plaintiff, and breached their duty to utilize reasonable care and prudence in connection with those responsibilities by reason of their failure to prevent Plaintiff from allegedly overdosing.

23. Upon information and belief and their discovery of Plaintiff, CPR was then administered to Plaintiff by members of Defendant, North State Prison's Medical Unit.

24. Plaintiff was then transported by EMS to Newark Beth Israel Hospital ("Beth Israel") in Newark, New Jersey.

25. Upon information and belief, EMS were advised that Plaintiff had a possible overdose of Cardizem occurred with the prison.

26. Arriving at Beth Israel, Plaintiff was intubated and unresponsive and in critical condition.

27. For the next six (6) days, Plaintiff remained intubated but ultimately became cognitively responsive and aware of his surroundings, suffering mental and physical anguish, and was present before his immediate family members.

28. Rather than allowing Plaintiff comfort while in bed at Beth Israel, Defendants' corrections officers/security required that Plaintiff remain handcuffed to the bed and in discomfort.

29. On July 27, 2014, Plaintiff died at Beth Israel.

30. On or about October 23, 2014, Plaintiff timely filed a Notices of Tort Claim with Defendants.

31. As a direct and proximate result of the actions of Defendants, Plaintiff suffered severe mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional condition, prior to his death.

32. As a consequence, Plaintiff's Estate has had to file the instant action to assert and protect Plaintiff's rights and prosecute these claims.

### COUNT I
### PLAINTIFF V. ALL DEFENDANTS
### (VIOLATIONS OF 42 U.S.C. §1983)

33. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

34. As a direct and proximate result of the Defendants, Plaintiff suffered grievous bodily harm and was deprived of his rights under the laws and Constitution of the United States, in particular, the Eighth Amendment to the United States Constitution, the due process clause of the United States Constitution, and 42 U.S.C. §1983, and was further in violation of the Statutes of the State of New Jersey.

35. The acts committed by Defendants constitute negligent and/or intentional misconduct and deliberate indifference to Plaintiff, which caused the previously described bodily injuries to the Plaintiff and ultimate death to Plaintiff, monies for legal fees, and other economic losses in violation of his constitutional rights as previously set forth in the aforementioned paragraphs.

36. As a result of the aforementioned occurrence, and due to negligent, intentional and willful acts of the Defendants, Plaintiff suffered suffer severe emotional distress, bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost earning capacity, physical restrictions and impairments.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, cost, attorney's fees and punitive damages.

## COUNT II
## PLAINTIFF V. ALL DEFENDANTS
## (NEGLIGENCE)

37. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

38. At all times hereinafter mentioned, Defendants Rutgers and the New Jersey Department of Corrections, the parties that operated, maintained and controlled the Medical Unit of Northern State Prison, employed licensed personnel to practice medicine in the State of New Jersey and maintained an office within Northern State Prison.

39. Defendants and their agents did not exercise the knowledge, skill and ability that is ordinarily possessed and employed by members of the medical profession similarly situated, and to use reasonable care and prudence in carrying out their responsibilities.

40. Defendants were negligent and breached their duty of care and were the proximate cause of the loss suffered by the Plaintiff.

41. As a direct and proximate result of Defendants' negligence, Plaintiff was caused to suffer significant damages for emotional distress, punitive damages, costs, fees, attorneys' fees and other damages.

42. Defendants are therefore liable for all damages sustained.

43. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

A. Compensatory Damages;

B. Interest;

C. Costs of suit;

D. Attorneys fees; and

E. Any other relief the Court may deem equitable and just.

## COUNT III
## PLAINTIFF V. ALL DEFENDANTS
## (VIOLATIONS OF EIGHTH AMENDMENT)

44. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

45. The aforesaid acts of Defendants constitute cruel and unusual punishment by confining him to his hospital bed while intubated and in and out of a comatose state, allowing Plaintiff to suffer seizures and cardiac arrest, which resulted ultimately to Plaintiff's death, in violation of Eighth Amendment to the Constitution of the United States.

46. The actions undertaken by Defendant were unnecessary, wanton infliction of harm for no good faith purpose.

47. Through the aforesaid acts, Defendants were deliberately indifferent to Plaintiff's serious medical needs.

48. As a direct and proximate result of the Defendants, Plaintiff suffered grievous bodily harm and was deprived of his rights under the laws and Constitution of the United States, in particular, the Eighth Amendment to the United States Constitution.

49. The acts committed by Defendants constitute negligent, intentional misconduct and deliberate indifference to Plaintiff which caused the previously described bodily injuries to the Plaintiff, monies for legal fees, and other economic losses in violation of his constitutional rights as previously set forth in the aforementioned paragraphs.

50. As a result of the aforementioned occurrence, and due to negligent, intentional and willful acts of the Defendants, Plaintiff suffered suffer severe emotional distress, bodily injury, pain, emotional distress, humiliation, embarrassment, loss of pleasure and enjoyment of life, lost wages, lost earning capacity, hospitalization, physical restrictions and impairments.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, cost, attorney's fees and punitive damages.

### COUNT IV
### PLAINTIFF V. ALL DEFENDANTS
### (SURVIVAL ACTION)

51. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

52. As a result of the actions and inactions of Defendants, Decedent Whadoo Caldwell was caused to suffer before his death.

10

53. Plaintiffs, on behalf of Decedent Caldwell's estate, seeks damages compensable under the Survival Act, N.J.S.A. 2A: 15-3 (or any successor statute) against Defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, cost, attorney's fees and punitive damages.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 4:35-1(a) and (b) and Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

In accordance with New Jersey Court Rule 4:25-4 and Federal Rules of Civil Procedure, JOHN J. ZIDZIUNAS, ESQ. is hereby designated as trial counsel on behalf of plaintiff.

## R. 4:5-1(b)(2) CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that there are no other parties known to me at this time who should be joined as parties to this action.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

                          JOHN J. ZIDZIUNAS & ASSOCIATES, LLC
                          Attorneys for Plaintiff, Estate of Whadoo Caldwell

                    By: _____
                          John J. Zidziunas, Esq.
                          *For the Firm*

DATED:    July 26, 2016